### THE HELIOS.

(Circuit Court of Appeals, Second Circuit. April 22, 1902.)

No. 140.

1. SHIPPING—BREACH OF CHARTER.
    A finding that the master of a vessel violated a charter by abandoning a wrecking expedition before completion of the work or expiration of the charter, without sufficient cause, affirmed.

2. SAME—CONSTRUCTION OF CHARTER—LENGTH OF TERM.
    A charter of a steamer for a wrecking expedition limited the time of the voyage to "about six weeks," which was the time the charterer estimated would be required. At the end of about three weeks the master refused to stay longer at the wreck, but through delays, in part resulting from such abandonment, the vessel was not returned to the owner until eight weeks after the beginning of the term, and he was paid the charter hire for that time. Held, that the charter could not be construed as one for such time as might be required to complete the enterprise, but, under the evidence as to custom, it did not entitle the charterer to retain the vessel more than ten days beyond the six weeks specified, and that in an action by him to recover damages for abandonment of the work before the expiration of the term the owner was not estopped from relying on such limitation by his acceptance of the charter hire for a longer time.

Appeal from the District Court of the United States for the Eastern District of New York.

For opinion below, see 108 Fed. 279.

This is an appeal from a decree of the district court, Eastern district of New York, in favor of libelants for damages sustained by

115 F.—45

breach of a charter party whereby the Helios was hired for one round trip to the West Indies, of about six weeks, to assist in salving cargo from the S. S. Framnes, which had been wrecked on Hogsty Reef, one of the Bahama Cays.

Everett P. Wheeler, for appellant.
Edward Benedict, for appellee.

Before WALLACE and LACOMBE, Circuit Judges.

PER CURIAM. The district judge has written a careful and most exhaustive opinion, and, inasmuch as we concur with his conclusions (except on a point hereinafter referred to), it will be unnecessary to rehearse the facts here. The Helios did not find as safe a harbor at Hogsty Reef as she would have found at Tompkinsville, in the upper bay of New York, but we are satisfied from the proof that the harbor was what the parties must have expected it would be, and was in entire conformity to the terms of the charter party. No movement of the tide imperiled her, nor prevented her lying always afloat. She was exposed to more risks than she would have encountered had she remained tied up to the wharf in her home port, but risks were to be expected. They were expected; they were in the minds of both parties; they were so thoroughly appreciated by the master that he would not leave on the voyage until he had obtained from the libelants an absolute guaranty against those risks of the ship's safety to her full value. In view of this last circumstance, the conduct of the master in abruptly leaving the reef before the term of the charter had expired was especially reprehensible. We concur with the district judge also in the conclusion that the language of the charter, "one round trip to the West Indies, of about six weeks," cannot be changed so as to cover the enterprise of salving the whole cargo; but we do not concur in the further conclusion that, because the owners accepted the stipulated per diem for the whole eight weeks, they are estopped from relying on this language of the charter party. The evidence, however, warrants an extension of the term to ten days beyond the six weeks. The difference is four days only, in which proportion the damages should be reduced.

The respondent disputes the allowance of damages for one day lost at Mole St. Nicholas because the ship went there to send a telegram asking to terminate the adventure, and for some nine or ten days at Havana, because that delay was occasioned by waiting for the coming of underwriter's agent. But, if the master had followed out the contract, he would not have had to ask unnecessary questions by telegraph; and, if he had kept the ship at the reef, where it was his duty to keep her under the contract, the presence or absence of an underwriter's agent in Havana would have made no difference.

The cause is remitted to the district court, with instructions to reduce the damages in the proportion that four days bears to the amount. In all other respects the decree is affirmed, but without costs to either side as against the other.